[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus initiated by inmates Dominic Vincenzo and James Schoendorf (a/k/a). Both are in cell block E, the segregation unit, at C.C.I. Somers.
They claim that female employees are infringing on their privacy, especially as regards their bathing and use of toilets.
The testimony at this hearing satisfied this Court that there is ample privacy and any abridgement is a result of suspicious conduct of the inmates. Any intrusion is incidental to maintaining a modicum of security and preservation of health and safety.
Both petitioners have been in prison for many years and could only recall one or two instances of possible infringement. The commissioner of corrections testified that this is the only complaint on the use of females in the housing unit. The petitioners became equivocal when it came to female nurses and doctors.
Further the petitioners claim they are unable to talk to the doctor in privacy concerning sensitive medical problems.
Both the institution's doctor and the commissioner deny this and claim it is as easy if not more so to talk to a doctor at Somers than in private life.
In any event, their complaints are not of constitutional magnitude and are at best incidental and minimal.
Their petition could justifiably be denied out of hand but the best thing might be to try to raise them through a 1983 [42 U.S.C. § 214 (1983/1988)] action as suggested in CT Page 2597 Sanchez v. Warden, 214 Conn. 23, 32-34 (19__).
Further the commissioner of corrections has issued administrative directive 8.11 addressing the concerns of H.I.V. patients.
Their confinement might be marginally intrusive as should be expected in a prison setting.
The petition is denied and the petitioners are not entitled to relief in this Court.
DUNN, J.